UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TAMARA S. FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | 20 C 6721 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| DOVENMUEHLE MORTGAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Tamara Frazier alleges that Dovenmuehle Mortgage, Inc. ("DMI") failed to reasonably investigate her dispute of purportedly inaccurate credit information, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Doc. 1. DMI moves for summary judgment. Doc. 28. The motion is granted, and Frazier's motion for supplemental briefing, Doc. 76, is denied as moot.

**Background**

The court recites the facts as favorably to Frazier as the record and Local Rule 56.1 allow. *See Johnson v. Advoc. Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018). At this juncture, the court must assume the truth of those facts, but does not vouch for them. *See Gates v. Bd. of Educ. of Chicago*, 916 F.3d 631, 633 (7th Cir. 2019).

DMI is a subservicer of residential mortgage loans, including Frazier's 2007 mortgage. Doc. 69 at ¶¶ 2-4, 8-9. In October 2015, Frazier fell behind on her mortgage payments. *Id*. at ¶ 11. In January 2016, Frazier's house was sold in a short sale, which allowed her to settle the mortgage for less than the remaining balance. *Id*. at ¶ 14-17. Prior to the short sale, Frazier was ninety days late on her mortgage payments. *Id*. at ¶¶ 13, 18.

1

In 2019 and 2020, Frazier submitted to credit reporting agencies ("CRAs") several disputes regarding potentially inaccurate information about her 2007 mortgage, and the CRAs in turn notified DMI as the furnisher of the information. *Id*. at ¶¶ 20-22, 35-36, 64-65, 78-79; Doc. 73 at ¶¶ 1-2. DMI responded by providing the CRAs with the following updated or verified information: "Account Status" code "13," which reflected the account's closure, Doc. 69 at ¶¶ 26, 40, 55, 69, 83, 94; Doc. 73 at ¶ 4; "Amount Past Due" of "$0," Doc. 69 at ¶¶ 28, 42, 57, 71, 85; monthly balance and monthly payment amounts of "$0," *id*. at ¶ 93; "Date of Account Information" and "Date Closed" as the short sale's date, *id*. at ¶¶ 29, 43, 58, 72, 86; and the "Special Comments Code" "AU," which reflected that the mortgage had been paid in full for less than the remaining balance, *id*. at ¶¶ 32, 46, 61, 75, 89, 96. DMI also updated or verified the "Pay Rate" as code "3," which reflected a ninety-day delinquency. *Id*. at ¶¶ 27, 41, 56, 70, 84, 95; Doc. 73 at ¶ 4.

## Discussion

I.  **FCRA Claim**

Frazier claims that DMI violated 15 U.S.C. § 1681s-2(b). Under that provision, "[w]hen a consumer reporting agency notifies a furnisher of a dispute with regard to an account, the furnisher of information must: (1) conduct an investigation with respect to the disputed information; (2) review all relevant information provided to it by the consumer reporting agency; (3) report the results of the investigation to the agency; and (4) if the information is found to be inaccurate or incomplete, report the results to all consumer reporting agencies to which it originally provided the erroneous information." *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005). DMI asserts, and Frazier implicitly concedes, that § 1681s-2(b) does not impose liability on a furnisher unless it provided or verified inaccurate or misleading information following such a dispute. Doc. 29 at 12 ("Summary judgment is also warranted

because Plaintiff cannot make a threshold showing that the loan information that DMI reported to the CRAs was inaccurate."); Doc. 68 at 4-14 (Frazier's brief not disputing that premise, but arguing that DMI's updated or verified information was inaccurate or misleading); *see Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022) ("Just as in a lawsuit against a credit reporting agency, to prevail on a FCRA claim against a furnisher, a consumer must make a prima facie showing that the furnisher's report was inaccurate."); *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 629 (6th Cir. 2018) ("[A] threshold showing of inaccuracy or incompleteness is necessary in order to succeed on a claim under § 1681s-2(b)."); *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1313 (11th Cir. 2018) ("[The plaintiff] cannot prevail on her claim against Wells Fargo pursuant to § 1681s-2(b) of the FCRA without identifying some fact in the record establishing that the information Wells Fargo reported regarding her account was inaccurate or incomplete."); *Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26, 37 (1st Cir. 2010) ("[A]bsent a showing of actual inaccuracy on a reinvestigation, a plaintiff's claim against a CRA fails as a matter of law. … [P]laintiffs suing furnishers under § 1681s-2(b) must make the same showing … .").

Frazier's § 1681s-2(b) claim fails as a matter of law because she does not adduce evidence sufficient to show that DMI furnished inaccurate or misleading information following her disputes. Frazier contends that DMI "provided inaccurate payment information making it clear that [Frazier] was 90 days late years after the 2016 short sale." Doc. 68 at 2. That contention rests on the premise that the "Pay Rate" code "3" signified that her loan was *currently* delinquent as of 2019 and 2020, rather than *historically* delinquent as of the time the account was settled through the short sale in 2016. *Id*. at 2, 6-11; Doc. 75 (counsel's argument at the summary judgment motion hearing).

The information furnished to the CRAs by DMI conclusively refutes Frazier's interpretation of the "Pay Rate" code. As noted, DMI reported her mortgage's "Date of Account Information" and "Date Closed" as the short sale date; the mortgage's "Account Status" as "13," which conveyed that the loan was closed; the "Special Comment Code" as "AU," which conveyed that the loan had been paid in full for less than the remaining balance; and the monthly balance, monthly payment, and amount past due as $0. Doc. 69 at ¶¶ 28, 42, 57, 71, 85, 93-94, 96. Given that context, the "Pay Rate" status of "3," signifying that the loan was ninety days past due, *id*. at ¶ 95, had only a single reasonable interpretation: that the loan had been ninety days past due when it was closed, having been paid in full for less than the remaining balance. No reasonable person could construe a "closed," "paid in full" loan with "$0" due as being *currently* delinquent. The only logical interpretation of the information that DMI furnished is that the loan had been ninety days delinquent as of the "Date of Account Information" or "Date Closed." And that fact is undisputedly accurate. *Id*. at ¶ 18.

The analysis could end there, but it bears mention that the court's conclusion finds support in *Bibbs v. Trans Union LLC*, __ F.4th __, 2022 WL 3149216 (3d Cir. Aug. 8, 2022). There, the plaintiffs' student loan accounts had been closed or transferred following nonpayment, but the defendant CRA reported their accounts with a "Pay Status" of ">Account 120 Days Past Due Date<." *Id*. at *1-2. The plaintiffs argued that the report was misleading because it could mean that their debts were currently delinquent when, in fact, the accounts had been closed. *Id*. at *6. The Third Circuit rejected that argument, holding that the plaintiffs' claims failed because their credit reports "contain[ed] multiple conspicuous statements reflecting that the accounts are closed and [the plaintiffs] have no financial obligations to their previous creditors," including the notation "ACCT CLOSED," an account closure date, and a loan balance of $0. *Ibid*. The panel

concluded that the "reasonable interpretation of the reports in their entirety is that the Pay Status of a closed account is historical information." *Ibid*.

*Bibbs* concerned a CRA's liability rather than a furnisher's, *id*. at *5, but its logic applies with full force here. Like the *Bibbs* plaintiffs, Frazier "would like [the court] to view the Pay [Rate] entries myopically" and ignore the context provided by the surrounding information. *Id*. at *4. In context, the only "reasonable interpretation of the reports in their entirety" is the Frazier's mortgage had been delinquent when it was closed. *Id*. at *6. It follows that DMI did not furnish inaccurate or misleading information, which means that Frazier's § 1681s-2(b) claim necessarily fails.

## II. Supplemental Briefing and Sanctions

A month after the summary judgment motion hearing, Doc. 75, Frazier moved the court to allow supplemental briefing to address purportedly new information from her Civil Rule 30(b)(6) deposition of Equifax, a CRA, in a separate case arising from the same operative facts. Doc. 76, 78; *see Frazier v. Equifax Info. Servs., LLC*, No. 20 C 6725 (N.D. Ill.) (Leinenweber, J.). Frazier's motion is moot because the deposition speaks to DMI's alleged "role in creating and verifying" the disputed information, which is irrelevant to the grounds on which summary judgment rests. Doc. 78 at 2.

In opposing Frazier's motion for supplemental briefing, DMI requested sanctions under Rule 37(b)(2)(A) and (C). Doc. 79 at 7-8. DMI believes that Frazier's motion "has no basis in law" because Rule 32(a)(8) precludes a plaintiff from opposing summary judgment by "rely[ing] upon the deposition testimony from a case in which defendant was not a party or successor [in interest]." *Id*. at 8. Seventh Circuit authority contradicts DMI's position. *See Gamble v. FCA US LLC*, 993 F.3d 534, 538 (7th Cir. 2021) ("[W]here the litigation does not involve the same parties and subject matter, deposition testimony can be admitted at summary judgment if (1) the

5

deposition satisfies Rule 56's affidavit requirements and (2) the deposition has been made part of the record in the case before the court."); *Alexander v. Casino Queen, Inc.*, 739 F.3d 972, 978 (7th Cir. 2014) ("[I]n a proper case, depositions from one case may be used at the summary judgment stage of another, even if Rule 32(a)(8)'s requirements are not met."). It follows that sanctions are unwarranted.

## Conclusion

DMI's summary judgment motion is granted. Frazier's motion for supplemental briefing is denied as moot, and DMI's sanctions request is denied.

August 17, 2022

_____
United States District Judge

6